IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ETHAN FORRESTER                                                                PLAINTIFF

v.                                   Civil No. 4:18-cv-4057

SHERIFF JACKIE RUNION, Miller County,
Arkansas; WARDEN JEFFIE WALKER,
Miller County Detention Center ("MCDC");
CAPTAIN GOLDEN ADAMS, MCDC;
SERGEANT ALLEN GRIFFEN, MCDC;
LIEUTENANT MILLER, MCDC; and
SERGEANT HANNING, MCDC                                DEFENDANTS

**ORDER**

This is a civil rights action filed by Plaintiff Ethan Forrester pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

Plaintiff filed his initial Complaint on April 24, 2018. (ECF No. 1). That same day, the Court directed Plaintiff to file an Amended Complaint to clarify his claims against Defendants and to submit an application to proceed *in forma pauperis* ("IFP"). (ECF No. 2). On May 11, 2018, Plaintiff filed his Amended Complaint. (ECF No. 6). His application to proceed IFP was granted on May 14, 2018. (ECF No. 7). A review of Plaintiff's Amended Complaint revealed that he failed to include page three of the Amended Complaint. The Court then ordered Plaintiff to submit page three. (ECF No. 9). Prior to receiving page three of the Amended Complaint, the Court received a

motion to supplement Plaintiff's Amended Complaint. (ECF No. 12).[1] The Court denied the motion because Plaintiff had not yet submitted page three of the Amended Complaint for review. On June 4, 2018, Plaintiff submitted page three of his Amended Complaint to the Court. (ECF No. 14).

Plaintiff is currently incarcerated in the Miller County Detention Center ("MCDC") serving a sentence as a result of a judgment of conviction. (ECF No. 14). He asserts claims for "unhealthy living conditions" at the MCDC and the failure of Defendants to respond to his grievances. He is suing Defendants in both their individual and official capacities. He seeks compensatory and punitive damages.

Plaintiff describes the acts or omissions of Defendants that form the basis of his individual capacity claims as follows:

> Upon requesting info to understand indescribable living conditions, Sgt. Griffie gave an official response, "this is jail, if you don't like it, bond out" . . . Sgt. Hanning is over maintenance and has not responded.

(ECF No. 6, p. 4). In describing the official custom or policy of Miller County that he believes contributed to the violation of his rights, Plaintiff states:

> Challenging jail conditions after putting in multiple grievances and requests but the conditions remain the same . . . black mold in shower, water leaks in vent sys, sprinklers busted – still living in these same condition to this day.

(ECF No. 6, p. 5).

**II. STANDARD**

42 U.S.C. § 1983 provides a federal cause of action for the deprivation, under color of state law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the

---

[1] In the motion to supplement the Amended Complaint, Plaintiff alleged that he and other inmates were housed with an inmate who was known to be HIV positive. Plaintiff claims "we were given . . . clippers to cut hair in which [the HIV positive inmate] used the clippers first but [we] were not provided any chemicals to sterilize the grooming items for our safety or health." (ECF No. 12).

2

United States.  To state a claim under section 1983, a plaintiff must allege that a defendant acted under color of state law and they violated a right secured by the Constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Under the PLRA, the Court is obligated to screen this section 1983 case prior to the issuance of service of process.  The Court must dismiss the complaint, or any portion of it, if it contains claims that:  (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Plaintiff asserts two types of claims against Defendants related to the MCDC's lack of adequate grievance process and his conditions of confinement.  The Court will separately address each claim as asserted against Defendants in their individual capacities.  The Court will then address the claims as asserted against Defendants in their official capacities.

### A. Inadequate Grievance Procedure

Plaintiff alleges that his constitutional rights were violated when Defendants ignored or refused to respond to his complaints about the jail conditions. The law is clear that inmates do not have a constitutionally protected right to a grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)). Therefore, a prison official's failure to respond to or process an inmate's grievances, without more, is not actionable under section 1983. *Id.*

Plaintiff alleges that Defendants failed to respond to his complaints about his conditions of confinement. Plaintiff's allegations relating to the MCDC's grievance procedure fail to state a claim upon which relief may be granted. The Court finds that Plaintiff's individual capacity claims related to an inadequate grievance procedure should be dismissed.

### B. Conditions of Confinement

Plaintiff also asserts an Eighth Amendment claim related to his conditions of confinement. "[W]hen the State takes a person into its custody and holds him there against his will, the constitution imposes upon it a corresponding duty to assume some responsibility of his safety and general well-being." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same."). "Jail or prison officials must provide reasonably adequate ventilation, sanitation,

bedding, hygienic materials, food, and utilities." *Wilson v. Holloway*, No. 5:18-cv-5039-TLB, 2018 WL 1161396, at *2 (W.D. Ark. Mar. 5, 2018). Claims for unlawful conditions of confinement include threats to an inmate's health and safety. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citation omitted).

To state an Eighth Amendment claim for conditions of confinement, Plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the prison that created a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. This standard requires an inmate to show that he is incarcerated under conditions that pose a substantial risk of serious harm and that prison officials had "a sufficiently culpable state of mind." *Id.* "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 957 (8th Cir. 1994) (quoting *Wilson v. Seiter*, 501 U.S. 294 (1991)).

Here, Plaintiff was given specific instructions regarding what allegations were necessary to state a claim in this matter. (ECF No. 2). Despite being given an opportunity to make specific claims in his Amended Complaint, Plaintiff has only generally referred to black mold, water leaks, and broken sprinklers. He has not specified whether those conditions posed a risk of serious harm to him or whether those conditions deprived him of a single human need. In addition, he has failed to allege that any Defendant had a sufficiently culpable state of mind to constitute deliberate indifference to the conditions. Finally, Plaintiff has not alleged that he suffered any injury resulting from conditions at the MCDC.[2] A section 1983 action is a type of tort claim and general principles

---

[2] In the order directing Plaintiff to file an Amended Complaint, he was specifically advised that he must describe what specific injury he suffered because of the Defendants' conduct. (ECF No. 2, p. 4). Even if the Court considers Plaintiff's proposed supplement to the Amended Complaint regarding sharing hair clippers with an HIV positive inmate, he has failed to allege that he suffered any injury from exposure to or use of the clippers. (ECF No. 12).

of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *Irving*, 519 F.3d at 448 (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). Plaintiff has not made any allegations regarding suffered injuries. As a result, Plaintiff has not stated a conditions-of-confinement claim upon which relief may be granted. Accordingly, Plaintiff's individual capacity claims relating to his conditions of confinement should be dismissed.

**C. Official Capacity**

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or both. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants are treated as claims against Miller County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Miller County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Plaintiff has not identified any policy, custom, or practice of Miller County that was the moving force behind his allegations regarding the jail's conditions or grievances. He simply claims that Defendants failed to respond to his grievances about unsanitary conditions at the MCDC. Accordingly, Plaintiff has failed to state a claim against Defendants in their official capacity.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's claims against all Defendants in their individual and official capacities are hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  **The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g).  The Clerk of Court is DIRECTED to place a § 1915 strike flag on the case**.

**IT IS SO ORDERED**, this 26th day of June, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge